UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT ALLEN, *Pro Se,* | ) | Case No.: 4:18 CV 2846 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| SOO C. SONG, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondents | ) | |

*Pro Se* Petitioner Robert Allen filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal pretrial detainee held in the Northeast Ohio Correctional Center in Youngstown, Ohio awaiting trial on criminal charges pending in the Western District of Pennsylvania. Petitioner asserts four grounds for habeas relief, all of which concern alleged Fourth Amendment violations pertaining to the use of a tracking device, the sufficiency of the search warrant, an investigatory stop by officers and statements Petitioner made to officers. He seeks dismissal of all charges and immediate release from custody.

## I. Background

In April 2017, Federal Bureau of Investigation ("FBI") agents in Pittsburgh, Pennsylvania began an investigation into a fatal heroin overdose in the greater Pittsburgh area. Evidence seized during the investigation revealed heroin laced with fentanyl and other cutting agents was being sold

on the streets. Agents developed a confidential source who identified Petitioner as a fentanyl supplier and provided agents with contact information for Petitioner. Agents conducted controlled purchases of fentanyl from Petitioner through the confidential source. On April 1, 2017, Pittsburgh police approached Petitioner in his parked car and questioned him. They subsequently removed him from his vehicle and conducted a search of his person, leading to the discovery of approximately $15,000. Petitioner contends police shared this information with the FBI. Based on the controlled buys and the information from police, federal agents applied for and obtained a warrant for the physical location data from a wireless phone used to contact Petitioner for the buys. This information as well as physical surveillance of Petitioner led agents to an apartment building at 771 Bryn Mawr Road in Pittsburgh, Pennsylvania. Agents obtained search warrants for Petitioner's residence, car, and apartments 3A and 3B at the Bryn Mawr address. These searches yielded an AK-47 firearm, drug packaging and distribution materials, large amounts of US currency, and over 400 grams of fentanyl.

Petitioner was arrested on May 10, 2017 on a criminal complaint filed against him in the United States District Court for the Western District of Pennsylvania. *See United States v. Allen*, No. 2:17-cr-00141 (W.D. Pa. indict filed June 7, 2017). Petitioner, through counsel, filed a Motion to Suppress the evidence obtained from the traffic stop and the searches, and to suppress statements Petitioner made to police. That Motion is still pending. *Id.* He also filed a Motion to Vacate Conviction or Sentence under 28 U.S.C. § 2255. The Court denied the Motion indicating he had not been sentenced. The Court also indicated he did not raise any grounds to review his detention under either § 2255 or under § 2241.

Petitioner has now filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the traffic stop, the monitoring of his cellular telephone, the search warrants, and his arrest. He asks this Court to dismiss the charges pending against him in the Western District of Pennsylvania and order his release.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III. Analysis

To be eligible for habeas corpus relief under § 2241 as a federal pretrial detainee, Petitioner is required to first exhaust available remedies. *See, e.g., Jones v. Perkins,* 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance

of a trial."); *Riggins v. United States,* 199 U.S. 547, 550-51(1905) (vacating order granting habeas relief when pretrial detainees filed habeas petitions before "invok[ing] the action of the Circuit Court upon the sufficiency of the indictment by a motion to quash or otherwise"); *Fassler v. United States,* 858 F.2d 1016, 1018-19 (5th Cir. 1988) (per curiam) (stating that Defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); *United States v. Pipito,* 861 F.2d 1006, 1009 (7th Cir. 1987) (same). There is no allegation or suggestion that Petitioner exhausted his remedies. In fact, his Motion to Suppress is still pending in the Western District of Pennsylvania.

Moreover, even if Petitioner had exhausted his remedies, the nature of his claims still precludes this Court's review. Just as where the Court should abstain when a state pretrial detainee raises habeas claims which would be dispositive of the underlying criminal charges, federal court efficiency and administration principles dictate that this Court decline to review claims which would dispose of an underlying criminal action pending in another District Court until the Petitioner has exhausted the claims at his upcoming criminal trial. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489 (1973); *Dickerson v. Louisiana,* 816 F.2d 220, 225-26 (5th Cir. 1987). In this case, Petitioner seeks exclusion of evidence and dismissal of the charges. Such claims, if successful, would obviously dispose of the underlying federal criminal charges. At this stage, Petitioner's claims may be exhausted by raising them at the pending criminal trial and then, if necessary, on direct appeal.

## IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                            /S/ SOLOMON OLIVER, JR.
                                            UNITED STATES DISTRICT JUDGE

March 26, 2019